IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BETTYE L. SMITH, | ) |
| Appellant, | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 02-G-2622-S |
| FORD MOTOR CREDIT COMPANY, | ) |
| Appellee. | ) |

| | |
|---|---|
| In re:    BETTYE L. SMITH, | ) Bankruptcy No. 02-02324-BGC-13 |
| Debtor, | ) Chapter 13 |

| | |
|---|---|
| BETTYE L. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) AP No. 02-00103 |
| FORD MOTOR CREDIT COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This cause is before the court on appeal from an order entered by the Bankruptcy Court for the Northern District of Alabama on September 23, 2002. The court has jurisdiction pursuant to 28 U.S.C. § 158.



## SUMMARY OF RELEVANT FACTS[1]

The debtor below, Bettye L. Smith, (hereinafter "Smith") purchased a 1992 Lincoln Town Car (hereinafter "Town Car") in 1996. Ford Motor Credit Company (hereinafter "FMCC") was the lien-holder of record on that vehicle. Smith filed a Chapter 13 bankruptcy case on April 27, 1999, which was subsequently dismissed, without prejudice, on February 4, 2002. Smith was in default on her car loan with FMCC. FMCC repossessed the Town Car on March 20, 2002. Smith filed a Chapter 13 Bankruptcy case on March 22, 2002. On April 9, 2002, Smith filed an Adversary Proceeding against FMCC seeking to have FMCC return the Town Car to her as property of her bankruptcy estate.

The bankruptcy court denied Smith's complaint based upon the case of Charles R. Hall Motors, Inc. v. Lewis (In re Lewis), 137 F.3rd 1280 (11th Cir. 1998). The bankruptcy court concluded that under Hall Motors, the Town Car did not become property of the bankruptcy estate.

## ISSUES ON APPEAL

The Appellant raises two issues on appeal: (1) That the case of Charles R. Hall Motors, Inc. v. Lewis (In re Lewis), 137 F.3rd 1280 (11th Cir. 1998), was not

---

[1] The following facts are taken from a joint stipulation of the parties filed in the bankruptcy court.

properly decided under Alabama Law; and (2) That the automobile is property of the Bankruptcy Estate of Bettye L. Smith.

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## DISCUSSION

The bankruptcy court determined that the Hall Motors case was binding precedent. The facts in Hall Motors are virtually identical to the instant case. In Hall Motors, the debtors filed a bankruptcy petition under Chapter 13. That petition was dismissed. The lien-holder, Hall Motors, then lawfully repossessed the automobile. Two days later, the debtors filed a second petition for Chapter 13 relief. When Hall Motors refused to return the automobile, the debtors filed an adversary proceeding seeking to require Hall Motors to turn over the automobile. The court of appeals considered the applicable Alabama law and ultimately held that the "bankruptcy estate's only interest in the repossessed automobile–a bare right of redemption–failed to render the automobile "property of the estate." 95 F.3d at 1284. The facts of this case are indistinguishable from Hall Motors.

Appellant first argues that Hall Motors was not properly decided under Alabama law.² This argument is unpersuasive, since even if Hall Motors was wrongly decided, it remains binding precedent. See Lee v. Frozen Food Express, Inc., 592 F.2d 271 (5th Cir. 1979).("Once a panel of this Court has settled on the state law to be applied in a diversity case, the precedent should be followed by other panels without regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's decision clearly wrong.")³ Appellant's argument in brief, that "the [Hall Motors] decision is invalid because it . . . relies upon repealed Alabama law," is likewise unpersuasive. Even if the Hall Motors court had relied upon repealed Alabama law, it is still binding precedent since only subsequent state court decisions or statutory changes can affect its precedential value.

Appellant's second attack on the holding of Hall Motors is equally unpersuasive. Appellant argues that Hall Motors is not binding precedent because it violates the circuit's prior precedent rule. That rule has been stated as follows: "The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." Cargill v. Turpin, 120 F.2d 1366, 1386 (11th Cir. 1997). Furthermore, if conflicting lines of precedent have arisen, the Eleventh

---

² The Appellant draws extensively from the opinion of the bankruptcy court in In re Greene, 248 B.R. 583 (Bankr. N.D. Ala. 2000) to make its argument.

³ In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Circuit applies the "earliest case" rule. Walker v. Mortham, 158 F.3d 1177, 1188-89 (11th Cir. 1998). That rule dictates that "when circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel." 158 F.3d at 1188. The court believes that district courts and bankruptcy courts are bound to resolve intra circuit conflicts of authority in this same manner as prescribed for panels of the court of appeals. However, a district or bankruptcy court is not free to chose between conflicting lines of binding precedent based upon its view of which line constitutes the "better rule" or the most accurate determination of state law. It is also not within a district or bankruptcy court's purview to determine that a case violates the prior precedent rule when that case considers the cases arguably creating the prior line of precedent. If the subsequent case considers those prior cases and distinguishes them, or specifically finds them not to present a contrary line of precedent, there is no intra circuit conflict. District courts and bankruptcy courts are not free to conclude that the subsequent court of appeals panel was incorrect in distinguishing the prior cases or in determining that they did not present contrary prior precedent.

The Appellant argues that Jim Walter Homes, Inc. v. Saylors, 869 F.2d 1434 (11th Cir. 1989), provides the earliest line of precedent and should be followed.[4]

---

[4] The court notes that Saylors involved an equitable right of redemption in the debtor's home. This alone is enough to distinguish it for the purposes of the prior precedent rule from both Hall Motors and the present case, both of which involved

The <u>Hall Motors</u> court, in its consideration of whether the debtor's right of redemption under Alabama's version of the Uniform Commercial Code was sufficient to cause the automobile to become property of the bankruptcy estate, noted that "[i[n the context of real property, a prior panel [had] stated that Alabama's statutory right of redemption is 'a right that becomes property of the bankruptcy estate . . . .'" 137 F.3d at 1284 (quoting <u>Commercial Fed. Mortgage Corp. v. Smith (In re Smith)</u>, 85 F.3d 1555, 1558 (11th Cir. 1996) and citing <u>Saylors</u>, 869 F.2d at 1437). The court, however, was not convinced "that the mere existence of the estate's ability to redeem the automobile renders the automobile itself "property of the estate," at least to the extent that it should be turned over pursuant to 11 U.S.C. § 542(a). 137 F.3d at 1284. The court continued: "In accordance with state law, one must take certain affirmative steps to change the otherwise dormant right to redeem repossessed collateral into a meaningful ownership interest." <u>Id.</u> By recognizing the potential prior line of precedent, and still finding that the automobile should not be turned over to the bankruptcy estate, the court of appeals forecloses any possible application of the prior precedent rule.

In <u>In re Rozier</u>, __ F.3d __, 2003 WL 22434734 (11th Cir. October 28, 2003), the Eleventh Circuit was faced with the same fact situation as in <u>Hall Motors</u> but involving Georgia law. The court stated as follows:

---

personal property.

6

> This Court has held that under Florida and Alabama law a defaulted vehicle debtor has no ownership rights, other than a right of redemption, which is an insufficient ownership interest for the vehicle to be considered part of the debtor's bankruptcy estate.

2003 WL 22434734 at *2 (citing Hall Motors). This further supports the conclusion that there is no intra circuit split on this issue in the Eleventh Circuit. Because the court cited Hall Motors for the above rule of law, it must be presumed that the court checked to determine that Hall Motors remained good law. A Keycite search on Westlaw would have revealed to the court that Hall Motors had been called into question by In re Greene. A review of the In re Greene decision would have revealed all arguments made by the appellant in the instant case. Therefore, it does not appear that there is any intra circuit split and Hall Motors provides the correct line of precedent to be applied in the present case.

   There is a limit to how far one may go in arguing that a court of appeals decision factually indistinguishable and squarely on point is not controlling precedent under the prior precedent rule. At least one bankruptcy court has considered whether sanctions should be imposed under Bankruptcy Rule 9011 when a debtor seeks the return of an automobile in a factual setting indistinguishable from Hall Motors. See In re Dent, 275 B.R. 625 (Bankr. M.D. Ala. 2002). Until the Eleventh Circuit Court of Appeals sitting *en banc* reverses Hall Motors, it is the law of this circuit. Unless debtors are willing to present the arguments made by the Appellant in this case to the Eleventh

Circuit Court of Appeals for consideration, that court will not be given that opportunity. This court's decision should be the end of this matter unless it is appealed.

### CONCLUSION

The bankruptcy judge correctly applied the controlling law in the present case. The decision of the bankruptcy court will be affirmed by separate order.

DONE this 12th day of November 2003.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.